UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RANDY AUSBORN,

        Plaintiff,

    v.

CDCR DAPO, *et al.*,

        Defendants.

Case No.: 1:26-cv-03440-CDB (PC)

ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PAY FILING FEE

**30-DAY DEADLINE**

Plaintiff Randy Ausborn ("Plaintiff") is a pretrial detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed on May 4, 2026.  (Doc. 1).  Plaintiff has not paid the $405.00 filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, unless payment of such fee is excused through the Court's granting of a plaintiff's application to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1914.[1]  Plaintiff has not paid the $405 filing fee or applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule ⁋ 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.

As discussed in more detail below, upon review of Plaintiff's prisoner litigation history and his complaint, Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915, and his complaint fails to show that he is under imminent danger of serious physical injury. Accordingly, the Court concludes that even if Plaintiff were to apply to proceed *in forma pauperis*, the application would be denied under the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Since an application to proceed *in forma pauperis* would be futile, Plaintiff is ordered to pay the $405 filing fee in full within 30 days from the date of service of this order.

## I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

Under 28 U.S.C. § 1915, a prisoner may under certain circumstances proceed with the commencement of a civil rights suit without the prepayment of court fees. Relevant here, the statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP."  *Id.*; *see Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under section 1915(g).  *King*, 398 F.3d at 1121. In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it."  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim."  *King*, 398 F.3d at 1116 n.1 (internal quotations omitted).

## II.    DISCUSSION

The Court takes judicial notice[2] of four prior lawsuits filed by Plaintiff resulting in countable "strikes" for purposes of 28 U.S.C. § 1915(g):

1. *Ausborn v. CHCF California, et al.*, No. 2:19-cv-00960-KJM-AC (E.D. Cal.) (Docs. 46, 50, 51) (dismissed for failure to state a claim on January 9, 2020).  *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (dismissal for failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g)); *Lomax v. Ortiz-Marquez*, 590 U.S. ____, 598-600 (2020) (dismissal for failure to state a claim is a strike even when the dismissal is without prejudice).

2. *Ausborn v. CHCF, et al.*, No. 2:19-cv-02220-JAM-CKD (E.D. Cal.) (Docs. 24, 26, 27) (dismissed for failure to file an amended complaint on June 30, 2020).  *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

3. *Ausborn v. CHCF, et al.*, No. 2:20-cv-00593-KJM-JDP (E.D. Cal.) (Docs. 18-20) (dismissed for failure to file an amended complaint on November 16, 2020).  *See Harris*, 863 F.3d at 1143.

4. *Ausborn v. Newsom, et al.*, No. 1:25-cv-01290-JLT-HBK (E.D. Cal.) (Docs. 7, 9-11) (dismissed case as a sanction for abuse of judicial process on January 5, 2026).  *See Bayramoglu v. Cate*, No. C 13–1094 YGR (PR), 2014 WL 3704798, at *5 (N.D. Cal. July 23, 2014) (holding that dismissal of a PLRA action for a plaintiff's conduct constituting abuse of the judicial process, such as judge-shopping, qualifies as a strike).  Accord *Law v. Austin*, No. 2:17-cv-2060 JAM AC P, 2020 WL 373575, at *3-4 (E.D. Cal. Jan. 23, 2020), *adopted by* 2020 WL 5039064 (E.D. Cal. Aug. 26, 2020) ("the district court's assessment that plaintiff intended to vex defendants by commencing this case supports a

---

[2] The Court may take judicial notice of court records.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

finding of malice under § 1915(g). Therefore, the dismissal of this case on the grounds it failed to state a claim and appeared to be maliciously filed meets the requirements for a third 'strike.'").

Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the current action on May 4, 2026 (Doc. 1), Plaintiff is subject to the section 1915(g) bar.  Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury.  *See Cervantes*, 493 F.3d at 1052-53.

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception.  His illegible and barebone allegations are insufficient to show that he is in imminent danger of serious physical injury to defeat the three-strikes bar under Section 1915.  *See Cervantes*, 493 F.3d at 1053; *see Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  The complaint lacks any allegation that Plaintiff has suffered or reasonably fears suffering imminently any harm.  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Plaintiff has presented no genuine emergency where time is pressing, nor a threat that is real and proximate.

In sum, the Court finds Plaintiff has suffered three or more strikes and was not under imminent danger of serious physical injury when he filed his complaint in this action.  Therefore, Plaintiff is precluded from proceeding IFP and will be directed to pay the filing fee if he wishes to litigate the case.  *Andrews*, 493 F.3d at 1052-53.

### III.    CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is precluded from proceeding *in forma pauperis* in this action because at the time he filed the complaint, he already had accrued at least three strikes under § 1915(g), and Plaintiff's allegations (Doc. 1) demonstrate that he is not under imminent danger of serious physical injury.  *See Andrews*, 493 F.3d at 1052-53.

2. **Within 30 days** of entry of this order, Plaintiff is ORDERED TO SHOW CAUSE in writing why the action should not be dismissed for his failure to pay the $405.00 filing fee. In the alternative, Plaintiff may comply with this order by paying the $405.00 filing fee in full by that same deadline.

3. **Plaintiff's failure to comply with this order will result in a recommendation for dismissal of the action without further notice**.

IT IS SO ORDERED.

Dated:   **May 6, 2026**

UNITED STATES MAGISTRATE JUDGE

5