UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN, | Case No.: 1:26-cv-03440-CDB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINITFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS |
| v. | |
| CDCR DAPO, *et al.*, | |
| Defendants. | (Doc. 3) |
| | **14-DAY OBJECTION PERIOD** |
| | Clerk of the Court to Assign District Judge |

Plaintiff Randy Ausborn ("Plaintiff") is a pretrial detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed on May 4, 2026. (Doc. 1). Because Plaintiff did not pay the $405.00 filing fee or file an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and review of Plaintiff's prisoner litigation history indicate he has accrued three or more "strikes" under § 1915 and his complaint fails to show that he is under imminent danger of serious physical injury, on May 7, 2026, the undersigned ordered Plaintiff within 30 days from the date of service of the order (*e.g.*, by June 8, 2026) to pay the $405 filing fee in full. (Doc. 3). Plaintiff was forewarned that "failure to comply with this order will result in a recommendation for dismissal of the action without further notice." *Id.* at 5 (emphasis in original).

Because Plaintiff has failed to pay the filing fee, and the time to do so has expired, the

undersigned will recommend that the Court dismiss this action without prejudice for Plaintiff's failure to prosecute and to obey court orders.

**Governing Authority**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending plaintiff failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

///

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders.  Plaintiff has failed to pay the $405.00 filing fee, and the time to do so has passed.  There are no other reasonable alternatives available to address Plaintiff's failure to obey this Court's orders to pay the filing fee.  Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed further without Plaintiff's participation to prosecute the case by paying the filing fee to proceed before the Court.  The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action.  Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re PPA*, 460 F.3d at 1228.  Plaintiff has not moved this case forward toward disposition on the merits.  He has instead failed to comply with this Court's orders and, thus, is impeding the progress of this action.  Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262.  Here, the Court's order, requiring a response from Plaintiff, cautioned: "Plaintiff's failure to comply with this order will result in a recommendation for dismissal of the action without further notice."  (Doc. 3 at 5) (emphasis in original).  Plaintiff was adequately forewarned that the failure to timely respond to the Court's order could result in terminating sanctions.

Because Plaintiff has failed to comply with this Court's orders, and in so doing is failing to

prosecute his case, the undersigned will recommend dismissal of this action without prejudice.

**Conclusion and Recommendation**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute this case and to comply with a court order; and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 17, 2026**

UNITED STATES MAGISTRATE JUDGE

4